UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICARDO F.,

                Plaintiff,                  **ORDER TO SHOW CAUSE**

            v.                                          6:24-cv-06310-UNA

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

On May 17, 2024, *pro se* plaintiff, Ricardo F. ("Plaintiff"), filed a complaint and an *in forma pauperis* motion. (Dkt. 1; Dkt. 2). The Court issued the summons on May 20, 2025, and the Commissioner was served electronically in accordance with Local Rule of Civil Procedure 5.5. On May 21, 2024, the Court granted Plaintiff's *in forma pauperis* motion. (Dkt. 3). The Commissioner filed a Notice of Appearance (Dkt. 4), and on July 16, 2024, filed the administrative transcript. (Dkt. 6).

Pursuant to Local Rule of Civil Procedure 5.5, Plaintiff was supposed to file his dispositive motion by August 15, 2024, *i.e.*, within 30 days of the filing of the administrative transcript. *See* Loc. R. Civ. P. 5.5(d). This deadline passed over a year ago, and Plaintiff has yet to file a dispositive motion.

"A district court may *sua sponte* dismiss a complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for . . . failure to prosecute." *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104 (W.D.N.Y. 2013) (quotation omitted). Additionally, Local Rule of Civil Procedure 41(b) provides that if a civil case has been pending for more than six months and is not in compliance with the Court's directions, the

- 1 -

Court may order the parties to show cause within 30 days why the case should not be dismissed as a result of that noncompliance.  *See* Loc. R. Civ. P. 41(b).  The Rule directs the parties to "respond to the order by filing sworn affidavits explaining in detail why the action should not be dismissed."  *Id.*  The Rule also warns that "[i]f the parties fail to respond, the Judge may issue an order dismissing the case, or imposing sanctions, or issuing such further directives as justice requires."  *Id*.

Accordingly, Plaintiff must show cause **in writing** through a sworn affidavit why this case should not be dismissed for failure to adhere to the dispositive motion deadline.  **The deadline to respond to this Order to Show Cause is November 3, 2025.**[1]  Plaintiff may file his dispositive motion pursuant to Local Rule 5.5(d) in addition to providing his explanation as to why this case should not be dismissed.  If Plaintiff choses to do so, such filing should also be made **by November 3, 2025, in the format prescribed by Local Rule 5.5**.  Even though Plaintiff has received a copy of Local Rule 5.5 at the time of filing of his complaint, the Clerk of Court is directed to provide Plaintiff with another copy of the Rule.  **Failure to comply with this Order will result in the dismissal of this action with prejudice.**  *See* Loc. R. Civ. P.41(b); Fed. R. Civ. P. 41(b).

SO ORDERED.

_____
ELIZABETH A. WOLFORD, Chief Judge
United States District Court

Dated:     October 3, 2025
           Rochester, New York

---

[1]   On October 3, 2025, the Court issued a General Order tolling all deadlines in social security disability cases during the government shutdown, unless a separate ruling modifying the effect of the General Order, such as this Order to Show Cause, is issued. *See* October 3, 2025, General Order, ¶ 3.